IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| JOANN JOHNSON | * |
| | * |
| Plaintiff | * |
| | * |
| VS. | * |
| | *   NO: 4:06CV00730 SWW |
| SEARCY HEALTH CARE, LLC | * |
| | * |
| Defendant | * |
| | * |

### ORDER

Plaintiff Joann Johnson brings this employment discrimination action against her former employer, Searcy Health Care, LLC ("Searcy"), claiming that Searcy terminated her employment because of her race in violation of Title VII, as amended by the Civil Rights Act of 1991. Before the Court is Searcy's motion for summary judgment (docket entry #34, #35). The time for responding has passed, and Johnson has failed to file a response. After careful consideration, and for the reasons that follow, summary judgment will be entered in favor of Searcy, and this action will be dismissed with prejudice.

### I.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party may not rest on mere allegations or denials of his pleading but must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 587 (quoting Fed. R. Civ. P. 56(e)).

## II.

The following facts are undisputed and, unless otherwise indicated, are taken from Searcy's statement of material facts.[1] Searcy operates a 245-bed nursing home facility that provides long-term healthcare to elderly residents. Johnson, who is black, worked for Searcy as a licensed practicing nurse. Her duties included supervising nurses assistants and caring for residents.

On September 26, 2005, Shane Phipps ("Phipps"), a grandson of one of Searcy's residents, lodged a complaint against Johnson. Phipps told Johnson's supervisor, Donna Golden ("Golden"), that while he was visiting his grandmother, Johnson rudely commanded him to leave the facility and never return.

Pursuant to Searcy's procedures, when a complaint is lodged against a nursing home employee, that employee is suspended pending an investigation. If the investigation reveals that the employee is innocent of misconduct, he or she is reinstated and reimbursed for lost wages.

---

[1] Local Rule 56.1 provides that a party moving for summary judgment must submit a statement of the material facts as to which it contends there is no genuine issue to be tried, and the non-moving party must file a responsive statement of the material facts as to which it contends a genuine issue exists to be tried. "All material facts set forth in the statement filed by the moving party . . . shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ." Local Rule 56.1(c).

After meeting with Phipps, Golden informed Johnson that she would be suspended pending an investigation of Phipps's complaint. In her defense, Johnson told Golden that Phipps had been harassing nurses aides. Golden instructed Johnson to call her the next day, September 27, 2005.

Golden interviewed staff members who worked during the shift when Phipps claimed Johnson expelled him from the nursing home. None of the staff members interviewed corroborated Johnson's account that Phipps harassed nurses aides. Golden received no communication from Johnson on September 27, 2005.

On September 28, 2005, Golden instructed her assistant, Ashley Thomley ("Thomley"), to contact Johnson and schedule a meeting. Thomley called Johnson's home and left a voice message instructing Johnson to meet with Golden at 1:00 p.m. the same day. Johnson did not appear for the 1:00 meeting.

On September 29, 2005, Johnson's husband called Thomley and scheduled an appointment for his wife to meet with Golden that afternoon at 3:00 p.m. Later that day, at approximately 3:00 p.m., Thomley informed Golden, who was concluding an in-service meeting, that Johnson had arrived at the nursing home and was requesting her paycheck. Golden instructed Thomley to tell Johnson that she would meet with her "in a few minutes." Docket entry #35, Ex. #4. Minutes later, Thomley reported to Golden that Johnson stated to her that she was mad and "didn't care about no damn meeting." Docket entry #35, Ex. #4, ¶ 23; Ex. #11.

Golden consulted Rudy Furr, Searcy's administrator, and the two determined that Johnson should be terminated for refusing to cooperate with Golden's investigation regarding Phipps's complaint. Docket entry #35, ¶ 26. On October 3, 2005, Golden advised Johnson that she had been terminated as of September 29, 2005 for failure to cooperate with the investigation.

After exhausting administrative remedies, Johnson commenced this lawsuit, claiming that

Searcy terminated her employment because of her race.

### III.

Johnson presents no direct evidence of race discrimination. Accordingly, the three-part, burden shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 93 S. Ct. 1817 (1973), is applicable. Under that framework, to establish a prima facie case of discrimination, Johnson must show (1) she is a member of a group protected under Title VII, (2) she was qualified for the position she held, (3) she suffered adverse employment action, and (4) the adverse action occurred under circumstances that give rise to an inference of discrimination. *See Wheeler v. Aventis Pharmaceuticals*, 360 F.3d 853, 857 (8th Cir. 2004). If Johnson establishes a prima facie case, a rebuttable presumption of discrimination arises, and the burden of production shifts to Searcy to articulate a legitimate, nondiscriminatory reason for its action. *See id*. If the Searcy satisfies its burden, Johnson may prevail with evidence that the proffered reason is pretext for discrimination. *See id.*

In support of its motion for summary judgment, Searcy asserts that Johnson has not, and cannot, demonstrate that her termination occurred under circumstances that give rise to an inference of discrimination. Additionally, Searcy argues that Johnson has presented no evidence to show that the proffered reason for its decision to terminate her (refusal to cooperate with Golden's investigation) is merely pretext for discrimination.

The Court agrees that Johnson has failed to present any evidence that would enable a reasonable juror to conclude that the decision to terminate her employment was motivated by race discrimination. Additionally, Johnson presents nothing to rebut Searcy's proffered reason for her termination. Accordingly, no genuine issues exist for trial.

### IV.

There being no genuine issues for trial in this case, Defendant's motion for summary judgment (docket entry #34) is GRANTED, and, pursuant to the judgment entered together with this order, this case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED THIS 7TH DAY OF MAY, 2007.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE